347 So.2d 957 (1977)
Jimmie Lee BRANCH
v.
STATE of Mississippi.
No. 49730.
Supreme Court of Mississippi.
April 6, 1977.
As Modified on Denial of Rehearing July 13, 1977.
Charles O. Jones, Barry W. Gilmer (Appeal only), Jackson, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, INZER and WALKER, JJ.
WALKER, Justice, for the Court:
Jimmie Lee Branch was accused of raping an adult female citizen of the City of Jackson on the night of March 12, 1975. The victim testified that a man had entered her bedroom while she was asleep, at about one o'clock in the morning, and pressed a *958 pillow over her face, saying, "Don't scream and don't holler. If you do I'll kill you." The man blindfolded her and, after forcing her to disrobe, tied her up. During the next four hours, the man raped her four times and also committed oral intercourse upon her. He tried unsuccessfully to commit anal intercourse, and also attempted to force the victim to perform oral intercourse upon him. She testified that the man put what seemed to be a gun to her head and that, although he threatened to kill her, she refused to perform oral intercourse upon him. Before leaving, he ransacked her home and stole many of her belongings. "He got everything he could get in my car. He stole my car."
Although the victim never saw her assailant because of her blindfold, she identified Jimmie Lee Branch at a police lineup by the sound of his voice. She testified that she knew the sound of his voice well, because he kept talking throughout the assault. Furthermore, Branch's fingerprint was found on the mirror in the victim's bathroom. Finally, several of the items stolen from the victim were discovered when the police searched Branch's residence pursuant to a search warrant. The victim identified two pillows, several ash trays, her birth control pills, and her suitcase, all of which were found at Branch's residence. The bottle containing the pills was marked with the name of the victim. At his trial in the Circuit Court for the First Judicial District of Hinds County, Mississippi, the jury, after hearing all the evidence, found Branch guilty as charged, and the judge sentenced him to serve a term of fifty years in the custody of the State Department of Corrections.
In his appeal Branch contends that the judge improperly overruled his motion to suppress evidence obtained by a search of his residence. He further contends that his motion for a mistrial should have been granted because of the prosecutrix's references during her testimony to others who were present at the lineup at which she identified Branch, and because of the prosecutor's cross-examination of Branch's wife as to his relations with other women during their marriage. Finally, Branch contends that the judge erred in admitting any testimony about the lineup at which the victim identified him.
A hearing was held outside the presence of the jury to consider Branch's motion to suppress the evidence discovered at his residence. That search was conducted pursuant to a warrant which was introduced into evidence and made a part of the record. A warrant may only be issued when the police have demonstrated probable cause by introducing evidence of "underlying circumstances" before the magistrate granting the warrant. Aguilar v. Texas, 378 U.S. 108, 114-15, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964). In this case, a written statement of underlying facts and circumstances was presented to the magistrate, and was introduced for identification at the hearing on the motion to suppress. However, this statement was never introduced into evidence, and therefore does not appear in the record before this Court.
Branch assigns as error that the underlying facts and circumstances in support of the affidavit for a search warrant do not constitute probable cause for issuance of the search warrant and that the evidence seized pursuant thereto should have been suppressed. However, the document containing a recital of the underlying facts and circumstances is not before the Court for us to examine, and the appellant has made no effort to have the document brought before the Court by a motion for diminution of the record, or writ of certiorari. Therefore, we can only assume that its contents would not be favorable to the appellant. There is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this Court. It is the appellant's duty to see that all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth, are included in the record, and he may not complain of his own failure in that regard. The Supreme Court may only act on the record presented to it. Shelton v. Kindred, *959 279 So.2d 642, 644 (Miss. 1973). There are adequate procedures and safeguards to assure that incorrect or incomplete records are remedied. The appellant has failed to place the necessary record pertaining to this assignment of error before us, and we are therefore unable to consider it.
Branch further contends that he was prejudiced by the victim's testimony that she was taken to a lineup "for us to identify which one we thought was the suspect or the ." Branch contends that her use of the plural pronoun indicated to the jury that several rape victims had been asked to identify him. He argues that this statement was immaterial and inflammatory, and contends that the judge should have sustained his motion for a mistrial. We disagree. The victim's remarks were evidently inadvertent, and the court instructed her to confine her testimony to her own activities. She made no reference to other rape victims, but merely said "We" instead of "I." Ordinarily, when we have reversed cases because of inflammatory testimony, we have noted a pattern of prosecutorial misconduct as well as clear prejudice to the defendant. See e.g., Tudor v. State, 299 So.2d 682, 685-86 (Miss. 1974). Here, the witness' remarks were totally inadvertent, and we find no indication that they could have prejudiced the defendant.
Branch also objects to the prosecutor's cross-examination of his wife on the question of whether he had given her problems with other women. The state contends that this was proper impeachment of Branch's testimony that he scarcely knew the prosecutrix, even though he had lived next door to her, because of his fidelity to his wife. Although the cross-examination was vigorous, we cannot conclude that the trial court, in overruling Branch's motion for a mistrial, erred in finding that it was not prejudicial.
We cannot rule on Branch's contention that the victim's testimony as to the lineup should have been excluded, because he made no proper objection at trial. His attorney moved for a mistrial because of the victim's indication that several other witnesses were present at the lineup. He never asked the court that her testimony about the lineup be excluded altogether. Therefore he may not make that argument before this Court.
Finding no merit in Branch's assignments of error, his conviction and sentence must be affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.