724 So.2d 928 (1998)
Sherri McKINNEY, Appellant.
v.
STATE of Mississippi, Appellee.
No. 97-KA-00932 COA.
Court of Appeals of Mississippi.
November 24, 1998.
*929 Christopher A. Collins, Edmund J. Phillips, Jr., Newton, Attorneys for Appellant.
Office of the Attorney General By Scott Stuart, Jackson, Attorneys for Appellee.
BEFORE THOMAS, P.J., DIAZ, HERRING, AND SOUTHWICK, JJ.
HERRING, J., for the Court:
¶ 1. Sherri McKinney appeals to this Court from her conviction in the Circuit Court of Neshoba County, Mississippi, of possession of cocaine and possession of less than one *930 ounce of marijuana. McKinney challenges her conviction on the basis that the trial court erred in denying (1) a request for a directed verdict; and (2) a motion to exclude evidence recovered during the execution of a search warrant. We find that these assignments of error are without merit, and therefore, we affirm.

A. THE FACTS
¶ 2. On October 4, 1996, the Neshoba County Sheriff's Department secured and executed a search warrant on a residence in Philadelphia, Mississippi, based upon information they received from a confidential informant. According to the testimony of Deputy Eric Clark, a confidential informant advised Clark that she had observed the use and sale of illegal drugs at a residence rented by Sherri McKinney. The informant also alleged that the illegal activity occurred within the past twenty-four hours.
¶ 3. Upon entering the residence, the law enforcement officers found Sherri McKinney along with another individual in the living room. The officers also discovered three children in a bedroom. As the officers proceeded to search the residence, they observed twenty-three rocks of crack cocaine on the top of a dresser in one bedroom and two smoking pipes or "bongs." An identification card belonging to Sherri McKinney was also found in the top drawer of the dresser. Additionally, officers located several marijuana plants in a second bedroom and in the kitchen of the residence. A key chain bearing McKinney's name was also discovered in a tin box in the second bedroom.
¶ 4. McKinney was subsequently indicted and convicted of possession of cocaine and possession of less than one ounce of marijuana. The trial court sentenced McKinney to serve two and one-half years in the custody of the Mississippi Department of Corrections and imposed a fine totaling $1,250. She now appeals to this Court.

B. THE ISSUES
¶ 5. McKinney raises the following issues on appeal which are taken verbatim from her brief:
I. THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT BECAUSE THERE WAS INSUFFICIENT EVIDENCE OF CONSTRUCTIVE POSSESSION.
II. THE COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO ADMISSIBILITY OF TESTIMONY DESCRIBING THE ITEMS FOUND IN THE SEARCH OF APPELLANT'S RESIDENCE.

C. ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING McKINNEY'S MOTION FOR A DIRECTED VERDICT?
¶ 6. McKinney asserts that the trial court erred in denying her motion for a judgment notwithstanding the verdict. She contends that the State failed to establish an essential element of the crimes, namely, possession of the controlled substances. McKinney claims that the evidence adduced at trial did not show that she exercised exclusive dominion or control over the illegal drugs, particularly the cocaine, or that she had constructive possession over the drugs. Because the State allegedly failed to prove that she had exclusive control over the bedroom where the officers discovered several "rocks" of cocaine, McKinney argues that she was entitled to a judgment notwithstanding the verdict.
¶ 7. To support a conviction for possession of a controlled substance, the State is not required to prove actual physical possession. Berry v. State, 652 So.2d 745, 748 (Miss.1995). The State may establish constructive possession by evidence showing that the contraband was under the dominion and control of the defendant. Roberson v. State, 595 So.2d 1310, 1319 (Miss.1992). Additionally, the possession of contraband "may be joint or individual." Wolf v. State, 260 So.2d 425, 432 (Miss.1972). "A presumption of constructive possession arises against the owner of premises upon which contraband is found." Cunningham v. State, 583 So.2d 960, 962 (Miss.1991). However, "when contraband is found on premises which are not owned by a defendant ... the [S]tate must *931 show additional incriminating circumstances to justify a finding of constructive possession." Id.
¶ 8. This Court's scope of review based on a challenge to the sufficiency of the evidence is well-settled. In reviewing the trial court's denial of a motion for a judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). All credible evidence which is consistent with McKinney's guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id.
¶ 9. A review of the record reveals that there was sufficient, credible evidence to constitute a finding of constructive possession by McKinney. Deputy Eric Clark testified that McKinney rented and occupied the residence in Philadelphia, Mississippi. When the law enforcement authorities executed the search warrant during the late evening of October 4, McKinney was present in the residence along with another individual and three children. The officers discovered twenty-three "rocks" of cocaine in plain view on top of a dresser in a bedroom. A photographic identification card of McKinney was found in the top drawer of the dresser. In another bedroom, the officers located several marijuana plants and a key chain belonging to McKinney. Although McKinney claims that the State failed to establish that she used the particular bedroom where the officers discovered the cocaine, we find that there was sufficient additional incriminating circumstances to prove that McKinney constructively possessed the illegal substances. The fact that the second individual located in the residence pled guilty to the charges is of little consequence to McKinney's case. As noted above, contraband may be jointly or individually held. Accordingly, this assignment of error is without merit.
II. DID THE TRIAL COURT ERR IN ADMITTING THE EVIDENCE DISCOVERED DURING THE SEARCH OF McKINNEY'S RESIDENCE?
¶ 10. McKinney alleges that the trial court erred in admitting into evidence the illegal drugs and other drug paraphernalia recovered from her residence. She contends that the affidavit filed in support of the search warrant did not contain a date to demonstrate the timeliness of the information law enforcement officers obtained from the confidential informant. Because the justice court judge failed to date the affidavit after he signed it, McKinney argues that the affidavit contained stale allegations, and therefore, the search was not valid.
¶ 11. Under Mississippi law, law enforcement authorities may only obtain a search warrant after they have demonstrated probable cause by introducing evidence of underlying facts and circumstances before the magistrate granting the warrant. Petti v. State, 666 So.2d 754, 757 (Miss.1995) (citing Barrett v. Miller, 599 So.2d 559, 566 (Miss.1992)). "Probable cause exists when facts and circumstances within an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient within themselves to justify a man of average caution in the belief that a crime has been committed and that a particular person committed it." Id. An affidavit is a method of presenting to the magistrate a basis upon which he may determine whether in fact probable cause exists to support the issuance of a search warrant. Id. Moreover, the State bears the burden of proving the existence of probable cause. Carney v. State, 525 So.2d 776, 783 (Miss.1988).
¶ 12. Prior to the issuance of a search warrant, the magistrate is required to make a "practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Smith v. State, 504 So.2d 1194, 1195 (Miss. 1987) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In reviewing a magistrate's finding of probable cause, this Court does not make a de novo determination; but rather, we ascertain if there was a substantial basis for the magistrate's finding. Davis v. State, 660 So.2d 1228, 1240 (Miss.1995).
*932 ¶ 13. McKinney attacks the validity of the search warrant, and ultimately the search, on the grounds that the justice court judge failed to complete the blank date section of the affidavit in support of the search warrant. During the trial, the court conducted a suppression hearing outside the presence of the jury. Deputy Eric Clark testified that he applied for a search warrant on October 4, 1996, before Justice Court Judge Leonard Warren. After the judge administered the oath, Deputy Clark stated that he submitted an affidavit in support of a search warrant to the judge and advised him of the situation. According to Clark, he informed the judge that a confidential informant had observed illegal drugs at a residence rented by McKinney within the past twenty-four hours. Clark testified that both he and the judge signed the affidavit, but the judge failed to fill in the date by his signature. After further discussion, the judge issued a search warrant and Clark, along with other law enforcement officials, executed the warrant around ten o'clock that evening and returned the warrant the following day. Additionally, the State introduced the affidavit in support of the search warrant and the warrant for identification purposes; however, the documents were not introduced into evidence during the hearing.[1] At the conclusion of the hearing, the trial court judge denied McKinney's motion to suppress the evidence recovered from her residence.
¶ 14. Before addressing the merits of McKinney's assignment of error, we note that the Mississippi Supreme Court refused to consider a defendant's challenge to the issuance of a search warrant based on a written statement of underlying facts in support of an affidavit that was not properly before the court. Branch v. State, 347 So.2d 957, 958-59 (Miss.1977). In that case, the defendant alleged that the statement of underlying facts did not constitute probable cause. Id. Although the statement was introduced for identification during the suppression hearing, it was never introduced into evidence or included in the record on appeal. Id. The court denied the defendant's requested relief and concluded that the defendant failed to "see that all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth, [were] included in the record." Id. at 958.
¶ 15. The relevant court papers indicate that the defendant designated the entire record including the clerk's papers, motions, transcripts, and exhibits offered during the case for purposes of this appeal. The search warrant and an offense report filed by Deputy Clark were included in the record on appeal; however, the affidavit in support of the warrant was not included with the other documents. The defendant attached a copy of the warrant and the affidavit to his brief.[2] Notwithstanding this potential procedural bar to McKinney's assignment of error, we find that there was a substantial basis to support the issuance of the search warrant.
¶ 16. In Powell v. State, 355 So.2d 1378, 1380 (Miss.1978), the defendant asserted that a search warrant was fatally defective because the judge failed to sign the jurat of the affidavit. However, the supreme court noted that the testimony showed that the officer appeared before the judge, who placed the officer "under oath and obtained the information contained in the underlying facts and circumstances of the affidavit." Id. After informing the judge of the circumstances, the officer signed the affidavit and the judge noted the date and his title at the bottom of the form. Id. Based upon the affidavit, the judge issued a search warrant for the defendant's residence. Although the judge signed the warrant, he failed to sign the affidavit in support of the warrant. Id. In reviewing the alleged error, the supreme court relied on the undisputed evidence and concluded that the warrant was not fatally defective. Id.; see also Meyer v. State, 309 So.2d 161, 166 *933 (Miss.1975) (holding that search warrant is not void because of an incomplete date on the affidavit in support of the warrant).
¶ 17. The testimony of Deputy Clark reveals that he applied for, obtained, and executed a warrant on October 4, 1996. During the hearing, Clark identified the affidavit in support of the search warrant and the warrant itself. Clark stated that the judge placed him under oath and he advised the judge of the suspected illegal activity. The warrant was returned and an inventory of the items recovered from the residence was made the following day. Furthermore, the defense introduced into evidence an offense report filed by Clark the day after the execution of the search warrant. The report provides in pertinent part:
On 10/04/96 I received information from a confidential informant that has given me information in the past in which was proven true and correct and led to previous arrests. This informant stated that she had personally seen drugs and paraphernalia being used and sold at this address of 931 North Pecan Avenue. The residence was rental property, being rented by Sherri McKinney and to be occupied by other person's of unknown identity.
On this date of 10/04/96 I requested by affidavit that a Search Warrant be issued to investigate this illegal activity, with intentions of arresting all perpetrators of this criminal activity. A Search Warrant was granted and I proceeded to the jail to group the deputies together and explain the situation.
¶ 18. Although the affidavit in question was undated, we find that there was a substantial basis to support the judge's finding of probable cause. The uncontradicted testimony of Deputy Clark in conjunction with the search warrant and the offense report offered by the defense establish that Clark applied for the warrant on October 4. Clark testified that he obtained the information relating to suspected drug activity from a confidential informant within twenty-four hours of seeking the warrant. Consequently, the allegations contained in the affidavit in support of the search warrant were not stale, and therefore, the search was valid.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF COUNT I OF POSSESSION OF COCAINE AND SENTENCE TO TWO AND ONE-HALF YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000; AND COUNT II OF POSSESSION OF LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE TO PAY A FINE OF $250 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO NESHOBA COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] During closing arguments, the defense counsel referred to the contents of the search warrant, and the State objected on the basis that the warrant was marked for identification purposes only and not admitted as an exhibit. The court admitted the warrant into evidence without any objection from the defense.
[2] Since the record on appeal failed to include a copy of the affidavit, the document attached to the defendant's brief is not properly before the Court.