MYERS, J.,
for the Court:
¶ 1. Ricky Lenard was convicted in the Circuit Court of Grenada County of aggravated assault, Circuit Judge Joseph H. Loper presiding. Lenard was sentenced to serve a term of twelve years in the custody of the Mississippi Department of Corrections. Feeling offended by this judgment and sentence, Lenard offers the following issues on appeal:
1. The trial court erred in refusing to grant Lenard’s motion for continuance.
2. The trial court erred in refusing to grant Lenard’s Batson challenge.
3. The trial court erred in refusing to sustain Lenard’s challenges for cause.
4. The trial court erred in refusing to allow before the jury testimony of events which occurred inside the bar and which occurred prior to the event.
5. The trial court erred in allowing before the jury hearsay testimony related to the stabbing.
6. The trial court erred in allowing the prosecution to solicit improper testimony from defense witnesses regarding the defendant’s past trial.
7. The trial court erred in allowing jury instruction.
8. The trial court erred in refusing to grant numerous defense motions for mistrial.
9. The trial court erred in refusing to grant defendant’s motion for judgment notwithstanding the verdict and for a new trial.
10. The court erred in refusing to grant defendant’s challenges for cause during jury selection.
Finding that Lenard’s appeal is without merit, we affirm the judgment of the lower court.
FACTS
¶ 2. On the night of January 15, 1995, James Gregory went to a bar owned by Jeff Lenard, the Appellant’s brother. At some point during the evening, Ricky Lenard approached Gregory and asked him if he was a cowboy as Gregory was dressed in western attire. After Gregory said “yes,” Lenard cursed Gregory, made a derogatory comment about cowboys and pushed Gregory off his stool. Some punches were thrown and they decided to move the fight outside the bar. Lenard was the first out the door and he turned and stabbed Gregory in the forehead with a knife. Gregory grabbed Lenard in a bear hug and they fell to the ground with Gregory still holding onto Lenard. Lenard then stabbed Gregory in the back five times at which point Gregory rolled over and let go. Lenard was on top of Gregory and began to hit him in the face repeatedly. When asked at the scene why he stabbed Gregory, Lenard said he did not know why. He told Gregory that if he did not shut up then he would die and claimed the injuries were merely scratches.
1. Motion for continuance
¶ 3. Lenard claims that he was wrongly denied his motion for continuance because his latest choice of counsel had less than a week to prepare for trial. “The decision to grant or deny a motion for a continuance is within the discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice.” Coleman v. State, 697 So.2d 777, 780 (Miss.1997), citing Atterberry v. State, 667 So.2d 622, 631 (Miss.1995).
In considering whether the lower court has abused its discretion in denying a *1100 motion for a continuance, we have said that “where the trial record reveals a statement of facts indicating a lack of fair trial, it becomes the duty of this Court to insure such trial by granting a new trial,” especially where the evidence which has been presented leaves considerable doubt that the defendant received a fair trial. Barnes v. State, 249 So.2d 383, 385 (Miss.1971).
Hughes v. State, 589 So.2d 112, 113 (Miss.1991).
¶ 4. In addition, “a motion for continuance upon the ground that an attorney has not had sufficient time to prepare for trial is subject to proof and also as to facts as they may appear from that which is known to the trial court.” Barnes v. State, 249 So.2d 383, 384 (Miss.1971). “On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove.... ” Miss.Code Ann. § 99-15-29 (Rev.2000). The motion for continuance merely stated that Lenard’s newest attorney, Neely, had just been hired and that he wanted time to file the proper motions and conduct discovery. He offered nothing in support of this asserted need and thus the motion was denied.
In considering whether the denial of the continuance was error, this Court has stated that “the question of whether the defendant had a reasonable opportunity to prepare to confront the State’s evidence at trial depends upon the particular facts and circumstances of each case.” Reuben v. State, 517 So.2d 1383 (Miss.1987).
Walker v. State, 671 So.2d 581, 591 (Miss.1995).
¶ 5. Lenard had an attorney. That attorney issued subpoenas and interviewed witnesses. However, upon the tender of a plea agreement, them relationship deteriorated at which point Lenard fired that attorney a few days before trial. The actual number of days is not confirmed anywhere in the record as no order of withdrawal was filed. Brian Neely was then hired by Lenard three days before trial. Lenard and Neely were present on the first day of trial. Neely and the judge acknowledged in the record that his last minute motion for a continuance had been denied.[1] Possibly most fatal to Lenard’s assertion that he was wrongly denied a continuance, is the fact that he answered that he was ready for trial when asked by the judge. The Appellant cannot now claim that he was unprepared for trial when he told the judge that he was indeed ready.
¶ 6. It is apparent that Lenard was not denied a reasonable opportunity to prepare as discovery had already taken place at the behest of his previous attorney. Without evidence to the contrary, and based on the documents filed with the court clerk, it appears that Lenard’s previous attorney was preparing for trial. Lenard’s decision to hire a new attorney four days before trial was a risky one at best. However, it was Lenard’s decision to do so. Lenard fails to show this Court where he has suffered injury. “Even a wrongful denial of continuance, which is not present here, does not mandate reversal absent a showing of injury.” Morris v. State, 595 So.2d 840, 844 (Miss.1991), citing Plummer v. State, 472 So.2d 358, 361 (Miss.1985).
¶ 7. Without demonstration of some injury or how the outcome of his trial would have improved by the grant of a eontinu- *1101 anee, we cannot reverse the decision by the trial court. Upon review of the record provided, we are unable to agree with the Appellant that he received an unfair trial due to the denial of his motion for continuance.
2. & 3. Batson challenges and refusal of challenges for cause
¶ 8. In the seminal case Batson v. Kentucky,[2] the U.S. Supreme Court devised a formula for courts to follow when there is a possibility of a party using peremptory challenges against prospective jurors in a discriminating fashion. The Court solidified that holding in Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834, (1995) stating,
[O]nce the opponent of a peremptory challenge has made out a prima facie case of purposeful racial discrimination (step one), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step two). If a race neutral explanation is tendered, the trial court must then decide whether the opponent of the strike has proved purposeful racial discrimination.
Id. at 767, 115 S.Ct. 1769, citing Hernandez v. New York, 500 U.S. 352, 358-359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).
¶ 9. The explanation does not have to be one that is persuasive, or even plausible. Id. “At this [second] step of the inquiry, the issue is the facial validity of the prosecutor’s explanation. Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race neutral.” Id.
¶ 10. In this case Lenard has failed to show any purposeful discrimination by the State using their peremptory challenges to strike the jurors in question. Yes, these jurors were black; however, four of the five prospective jurors either had criminal convictions themselves, or had close relatives that were in prison or were under investigation by the police. It is quite easily presumed that these particular veniremen might have a deep-rooted mistrust or dislike for the prosecution. The Batson court left the decision of whether the prosecution’s use of peremptory challenges creates a prima facie case of discrimination against black jurors. The judge listened to the reasons for the strikes and found that the intent was not racially motivated.
¶ 11. In his presentation of his third issue, Lenard offers no authority in support of his position. “There is a presumption that the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this Court.” Branch v. State, 347 So.2d 957, 958 (Miss.1977). There are no reversible errors regarding this issue.
4. & 6. Improperly admitted testimony and improperly suppressed testimony
¶ 12. “The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.” Hentz v. State, 542 So.2d 914, 917 (Miss.1989); Monk v. State, 532 So.2d 592, 599 (Miss.1988). “The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence.” Johnston v. State, 567 So.2d 237, 238 (Miss.1990).
¶ 13. The trial court overruled Lenard’s pretrial motion to either include or exclude testimony regarding the actions inside the bar that night. The confusion lies in Lenard’s poorly articulated proposi *1102 tion in his brief as well as the confusing way in which it was presented to the judge. The judge ruled on the motion determining that evidence of what happened inside the bar that evening was “fair game.” Both sides had the opportunity to present evidence of what occurred inside the bar and to cross-examine witnesses testifying about what happened that night.
¶ 14. Furthermore, when testimony from a witness prompted Mr. Neely to object and ask for a mistrial, the judge sustained the objection but denied the mistrial. The defense witness testified that she knew there had been a previous trial for Lenard. The prosecution asked if she knew Lenard had been arrested and that he was going to trial. She answered “yes,” and that she knew he had been to trial. The witness volunteered the information that Lenard had already had one trial. The prosecution did not elicit this testimony.
¶ 15. The Mississippi Supreme Court has ruled that this type of testimony, when volunteered, is not reversible error. In Watson v. State, 521 So.2d 1290, 1293 (Miss.1988), the court held that testimony in which a witness referred to the fact that the defendant “was just getting out of jail” was not reversible error since the answer was nonresponsive to the question asked and there was no purposeful effort or intent on part of the State to elicit such information. Id. Like the Watson case, the defense witness in this case did not offer the information about Lenard’s prior trial in response to a question from the prosecution.
¶ 16. Furthermore, the judge offered to instruct the jury to disregard the testimony. The offer was declined. “Where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error.” Perry v. State, 637 So.2d 871, 874 (Miss.1994), citing Simpson v. State, 497 So.2d 424, 431 (Miss.1986).
¶ 17. Finding no abuse of judicial discretion, we find these issues to be without merit.
Lendard’s remaining assertions of error
¶ 18. A trial court’s judgment is presumptively correct and the appellant must demonstrate reversible error to this Court. Branch v. State, 347 So.2d 957, 958 (Miss.1977). Part of the appellant’s burden is to support the argument of the issues with reasons and authorities. Pate v. State, 419 So.2d 1324, 1325-26 (Miss.1982). Issues numbers 5, and 7-10 provide no case law to support the propositions presented. Several of his arguments are mere one or two line statements of opinion with no reference to the record, no development of the argument and, as stated above, no case law in support of these assertions. Therefore, we will not further review them.
¶ 19. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY RESTITUTION IN THE AMOUNT OF $2,800 IS AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, and CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.

. There is no order denying the motion for continuance in the record. However, the judge and Neely agreed, on the record, that it had been denied by the Judge and relayed to Neely in a telephone call from the Court Clerk.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)