MYERS, J., for the court.
¶ 1. Michael Donald Huff was tried and convicted of Count I, manufacture of methamphetamine and Count II, possession of precursor chemicals with the intent to manufacture methamphetamine -in the Circuit Court of Leake County, Honorable Marcus D. Gordon presiding. Huff was sentenced to serve an eighteen year sentence on Count I and a five year sentence on Count II in the custody of the Mississippi Department of Corrections with the sentence for Count II to run consecutively to Count I. After being convicted, Huff filed a motion for new trial which was denied by the trial court. From the denial of that motion, Huff appeals asserting the following issues:
1. WHETHER THE TRIAL COURT ERRED IN FAILING TO QUASH COUNT II OF THE INDICTMENT ON THE BASIS OF DOUBLE JEOPARDY;
2. WHETHER THE TRIAL COURT ERRED IN DENYING HUFF’S MOTION TO SUPPRESS THE RESULTS OF A SEARCH ON THE BASIS OF AN INSUFFICIENT WARRANT; AND
3. WHETHER THE TRIAL COURT ERRED IN DENYING HUFF’S MOTION TO SUPPRESS HIS CONFESSION.
STATEMENT OF FACTS
¶ 2. Leake County deputies, Mark Wil-cher and Michael Harper, obtained a search warrant for a secluded location in Leake County. The search warrant was issued by Wilcher’s mother, Justice Court Judge Carolyn Wilcher Thomas. Wilcher testified that he had driven by the area in question and smelled an odd odor. Wil-cher also received information from a con *230 fidential informant that Huff had been gathering precursors to manufacture methamphetamine. Judge Thomas issued a search warrant for the area described by Wilcher finding that probable cause existed to search for the hidden drug laboratory. The search warrant was executed and the hidden methamphetamine laboratory was discovered. The officers seized a considerable amount of evidence including all the precursors to make methamphetamine. During the search Huff and his partner, Marvin Gipson, were arrested on the scene.
¶ 3. After being arrested and before being read his rights, Huff commented that he was glad that he had been caught and had been expecting law enforcement to apprehend him. The officers attempted to get Huff to sign a waiver and talk to them about the crime. Huff refused to sign the waiver on two occasions but, upon being requested to do so a third time, signed the waiver of rights form and made a voluntary verbal statement to two officers. Huff refused to write his statement down or sign the officer’s summary of his statement. Huff was indicted on two counts, manufacture of a controlled substance and possession of precursor chemicals and convicted on both counts. Huff was sentenced to serve an eighteen year sentence on Count I and a five year sentence on Count II which is to run consecutively to Count I. Huff presented a motion for new trial which the trial court summarily denied. From the denial of that motion, Huff perfected this appeal.
LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN FAILING TO QUASH COUNT II OF THE INDICTMENT ON THE BASIS OF DOUBLE JEOPARDY.
¶ 4. Huff contends in his first point of error that the trial court erred when it failed to quash Count II of the indictment on the basis of double jeopardy. “Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.” Greenwood v. State, 744 So.2d 767, 770(¶ 14) (Miss.1999). Huff raises the last of these concerns, multiple punishments for the same offense. We apply the same elements test to determine whether Huff was subjected to double jeopardy. Id. The same elements test inquires whether “each offense contains an element not contained in the other.” Id. Huff was charged with the manufacture of methamphetamine pursuant to Miss.Code Ann. § 41 — 29—139(a)(1) (Rev.2001), as well as possession of precursor chemicals with the intent to manufacture methamphetamine pursuant to Miss.Code Ann. § 41-29-313(l)(a)(i) (Rev.2001). Clearly, these statutes charge different crimes. The State presented evidence that precursor chemicals were stored at the laboratory giving rise to the charge of possession of precursor chemicals. The State also presented evidence that Huff had manufactured methamphetamines giving rise to the manufacturing charge. Huff committed two separate offenses making his claim that he was subjected to double jeopardy meritless.
2. WHETHER THE TRIAL COURT ERRED IN DENYING HUFF’S MOTION TO SUPPRESS THE RESULTS OF A SEARCH ON THE BASIS OF AN INSUFFICIENT WARRANT.
¶ 5. Huff next contends that the trial court erred when it denied his motion to suppress the results of the search because the warrant obtained by the authorities *231 was defective. Huff contends that the indictment was defective because the evidence presented to the justice court judge was insufficient to establish probable cause. Huff contends that the justice court judge arbitrarily granted the search warrant because her son was the officer who requested it.
¶6. When reviewing a judge’s finding of probable cause, this Court does not make a de novo determination but only looks to see whether there was a substantial basis for the judge’s finding. McKinney v. State, 724 So.2d 928, 931(¶ 12) (Miss.Ct.App.1998). In order to issue a valid search warrant, the judge “is required to make a ‘practical, commonsense decision whether given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.’ ” Id. (quoting Smith v. State, 504 So.2d 1194, 1195 (Miss.1987)). Officer Wilcher informed the judge, who is his mother, that he had driven by the area where he suspected that the laboratory was hidden and detected a peculiar odor. The officer also informed the judge that he had information from a confidential informant that Huff had purchased precursor chemicals. While there is an appearance of impropriety due to the fact that the justice court judge was the mother of the law enforcement officer seeking the search warrant, a substantial basis for the search warrant existed. This issue is without merit.
3. WHETHER THE TRIAL COURT ERRED IN DENYING HUFF’S MOTION TO SUPPRESS HIS CONFESSION.
¶ 7. Huffs final point of error is that the trial court erred in failing to suppress the oral statement he made admitting to manufacturing methamphetamine. The trial court determines whether a confession is admissible and this Court will not reverse that determination unless the trial court “applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence.” Madere v. State, 794 So.2d 200, 217(¶ 65) (Miss.2001). Huff does not contest whether his confession was knowingly and voluntarily made. Huff contends that his confession should be suppressed because it was a result of an illegal arrest because his arrest was based on the search warrant which he contends was invalid. Having found that the judge had a substantial basis to find probable cause to grant the search warrant and that the search warrant was valid renders Huffs argument moot. This issue is without merit.
CONCLUSION
¶ 8. The issues raised by Huff are without merit. Huff was not subjected to double jeopardy. The search warrant was valid as the justice court judge had a substantial basis to find probable cause and grant the warrant. Because the search warrant was validly granted by the justice court judge, Huffs resulting arrest was legitimate as was the verbal statement he gave to law enforcement authorities.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF COUNT I MANUFACTURE OF METHAMPHETAMINE AND SENTENCE OF EIGHTEEN YEARS; COUNT II POSSESSION OF PRECURSOR CHEMICALS WITH INTENT TO MANUFACTURE METHAMPHETAMINE AND SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL *232 COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ„ CONCUR.