¶ 1. Paul A. Farrish was convicted in the Copiah County Circuit Court of statutory rape. He appeals, asserting that the circuit court erred in: (1) allowing the introduction of evidence of prior bad acts which the circuit court had previously found to be inadmissible, (2) denying his motion for a continuance, and (3) denying his motion for a JNOV or, in the alternative, a new trial. Finding no error, we affirm.
 FACTS
¶ 2. Farrish was thirty-eight years old at the time of the trial. The victim, PN, was fifteen years-old, and in the eighth grade, at the time of the trial. She met Farrish through her step-father and Farrish's daughter, who was her friend. She testified to a sexual relationship with Farrish that commenced in October of 2000 and ended in January 2001, when Farrish was arrested. Farrish denied having sex with her. Both Farrish and PN testified that they loved each other and were planning to marry.
 ANALYSIS 1. INTRODUCTION OF EVIDENCE GOING TO PRIOR BAD ACTS
¶ 3. Farrish was charged with committing statutory rape "on or about the 31st day of January, 2001." Approximately one month prior to that date, Farrish was arrested and charged with contributing to the delinquency of a minor. The record is not clear as to the ultimate disposition of that charge; however, as a result of the charge, a municipal court had entered an order prohibiting Farrish from having any contact with the victim.
¶ 4. After jury selection, but before any witnesses were called, Farrish requested a ruling on a pre-trial motion by which he sought to suppress any evidence regarding *Page 822 
the municipal court order. While the record does not disclose that Farrish was ever actually held in contempt of the municipal court order, the State sought to introduce testimony that he had in fact violated it. The circuit court conducted an analysis of this evidence under M.R.E. 403 and 404, and held it to be more prejudicial than probative. Despite the circuit court's order, precluding reference to the municipal court order, the State elicited testimony during its cross-examination of Farrish and through a rebuttal witness that a contempt of court affidavit was filed against Farrish for failure to refrain from contact with the victim.
¶ 5. On direct examination Farrish had denied improper contact with the victim, inferring that he had been given permission to see her. Likewise during cross-examination, Farrish denied knowledge of any prohibition against his contact with the victim. He specifically disavowed having been instructed by the municipal court judge to refrain from contact with the victim. It should be noted that no objection was lodged when the State asked Farrish about the existence of an order to refrain from contact with the victim.
¶ 6. In rebuttal, the State elicited very specific information from Officer Crisler about the court order directing Farrish to refrain from contact with the victim, and the affidavit which charged him with a violation of that order. After Officer Crisler testified to the substance of the contempt affidavit, it was entered into evidence with no objection from Farrish.
¶ 7. Where a party has agreed to the admission of evidence, he will not generally be heard to object to the admission of that evidence on appeal. Sanders v. State, 786 So.2d 1078 (¶ 10) (Miss.Ct.App. 2001).
¶ 8. It must also be noted that Farrish placed these matters before the trial court when (1) he claimed to have permission to see the victim, and (2) he denied any improper contact with the victim. Where the defendant opens the door to discussion of any issue, he cannot complain when the State takes up the discussion. Caston v. State, 823 So.2d 473
(¶ 101) (Miss. 2002).
 2. DENIAL OF FARRISH'S MOTION FOR A CONTINUANCE
¶ 9. Farrish changed counsel approximately two weeks prior to trial. His trial counsel filed a motion for continuance on July 19, 2001. While the record does not disclose that Farrish ever obtained a ruling on this motion, in his brief he contends that while the pre-trial hearing was not recorded and transcribed, the circuit court denied the motion. In its brief, the State contends this issue should be procedurally barred. See, e.g., Oby v. State, 827 So.2d 731, 733 (¶ 2) (Miss.Ct.App. 2002).
¶ 10. We decline to apply an issue bar, as the record appears to show that some unspecified motions were brought up in a pre-trial hearing which took place approximately a week and a half prior to the trial. Nevertheless, it is incumbent upon a movant requesting a continuance to set forth with specificity the reasons why additional time is necessary to prepare for trial. Lenard v. State, 812 So.2d 1097, 1100 (¶ 4) (Miss.Ct.App. 2002). In this case, neither the record nor the briefs makes any showing as to what witnesses, other evidence, or defenses Farrish sought to present, and for which he had inadequate time to prepare. The decision of whether to grant a motion for a continuance is left to the discretion of the trial court. Bridges v. State, 826 So.2d 750, 753 (¶ 4) (Miss.Ct.App. 2002). In this case, *Page 823 
there is no showing that the circuit court erred in denying the continuance.
 3. MOTION FOR A JNOV OR IN THE ALTERNATIVE A NEW TRIAL
¶ 11. Once a jury has returned a verdict of guilty, that verdict should only be disturbed upon a finding that under the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). In this case, the victim testified as to the sexual acts. Medical evidence confirmed she had been sexually active at some point in her life. School records confirmed that she had been absent at times when sexual encounters were alleged to have occurred. Witnesses confirmed that PN had been to Farrish's home on several occasions. Farrish, himself, admitted that he and the victim planned to marry and had undergone blood tests to obtain a marriage license. The testimony of a rape victim, which is not shown to be incredible and unworthy of belief, is without more, sufficient to maintain a conviction of rape. Armstead v. State,716 So.2d 576 (¶ 9) (Miss. 1998). The victim's testimony was not incredible and unworthy of belief and was therefore sufficient to support a jury verdict of guilty. In this case, the evidence was sufficient, and the JNOV was properly denied.
¶ 12. A circuit court's denial of a motion for a new trial will not be disturbed unless an appellate court finds that allowing it to stand would "sanction an unconscionable injustice." Pearson v. State,428 So.2d 1361, 1364 (Miss. 1983). The record does not show that any injustice occurred in this case. The circuit court did not err in denying the motion for a new trial.
¶ 13. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OFCONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY YEARS IN THE CUSTODYOF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED ONPOST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING,MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.