920 So.2d 1066 (2006)
Paul A. FARRISH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-01791-COA.
Court of Appeals of Mississippi.
February 7, 2006.
Carroll Rhodes, Hazlehurst, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. The Circuit Court of Copiah County denied Paul Farrish's request for post-conviction relief. Farrish had been convicted of statutory rape and sentenced to twenty years in the custody of the Mississippi *1067 Department of Corrections with five years suspended. This Court affirmed Farrish's conviction and sentence in a decision rendered on March 25, 2003. See Farrish v. State, 840 So.2d 820 (Miss.Ct. App.2003).
¶ 2. After Farrish's conviction and sentence were affirmed, his accuser, PN, recanted her trial testimony in an affidavit in which she stated that she did not have sex with Farrish on January 31, 2001. In this affidavit, PN stated that she had formerly testified against Farrish because she had been pressured by the district attorney's office to do so. Based on this affidavit, the Mississippi Supreme Court granted Farrish the right to file his petition for post-conviction relief in the circuit court.
¶ 3. Farrish filed his petition for post-conviction relief and attached the affidavit in which PN recanted her testimony. In response, the State argued that the petition for post-conviction relief should be denied because PN's affidavit conflicted with her trial testimony. At the evidentiary hearing on the petition for post-conviction relief, PN testified that she had in fact had sex with Farrish on January 31, 2001. After the hearing, the trial court denied Farrish's petition for post-conviction relief.
¶ 4. On appeal, Farrish argues that the issue of PN's credibility should have been resolved by a jury.

FACTS
¶ 5. Farrish was convicted of the crime of statutory rape pursuant to Mississippi Code Annotated section 97-3-65(1)(a) (Supp.2005). Section 97-3-65(1)(a) prohibits a person eighteen years or older from having sexual intercourse with a child who (1) is at least fourteen but under sixteen years of age; (2) is thirty-six or more months younger than the person; and (3) is not the person's spouse.[1] In his petition for post-conviction relief, Farrish claimed he possessed newly discovered evidence, namely, PN's August 26, 2003 affidavit in which she recanted her trial testimony. In the affidavit, PN claimed that she did not have sex with Farrish on January 31, 2001, as charged in the indictment. This contradicted her testimony at trial that she had sex with Farrish on January 31, 2001, when she was fifteen years old. At the time, Farrish was thirty-eight years old.
¶ 6. Prior to the post-conviction relief hearing, PN gave another affidavit on May 18, 2004, in which she stated that the August 26, 2003 affidavit was the result of "extreme pressure over the past three years from my family as well as Paul Farrish's family." At the hearing on Farrish's post-conviction relief motion, PN testified and admitted that she had sexual relations with Farrish on January 31, 2001, and had lied in her affidavit of August 26, 2003. She stated that the district attorney had merely told her to tell the truth at trial. Assistant District Attorney Mikell Buckley also testified at the hearing and corroborated that she advised PN to tell the truth about what occurred. The court found that PN had been pressured by the family of Farrish and others to change her testimony. The court denied Farrish relief, finding that he had failed to meet his burden of proof.

DISCUSSION
¶ 7. The only specific evidence that the rape occurred is the testimony of PN. *1068 "The totally uncorroborated testimony of a victim is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other evidence." Vaughn v. State, 759 So.2d 1092, 1098(¶ 18) (Miss.1999) (emphasis omitted).
¶ 8. In Farrish v. State, 840 So.2d 820 (Miss.Ct.App.2003), this Court found that there was corroborating evidence that the rape occurred.
Medical evidence confirmed that she had been sexually active at some point in her life. School records confirmed that she had been absent at times when sexual encounters were alleged to have occurred. Witnesses confirmed that [PN] had been to Farrish's home on several occasions. Farrish, himself, admitted that he and the victim planned to marry and had undergone blood tests to obtain a marriage license.
Id. at 823(¶ 11). The Court also found that PN's testimony was sufficient to support the jury's verdict, as it was credible and worthy of belief. Id.
¶ 9. "Recanted testimony does not entitle a defendant to a new trial." Russell v. State, 849 So.2d 95, 107(¶ 15) (Miss.2003). However, an evidentiary hearing is required when recanted testimony is raised in a petition for post-conviction relief. Hardiman v. State, 789 So.2d 814, 817(¶ 10) (Miss.Ct.App.2001). A determination of whether or not a new trial should be granted on recanted testimony is reviewed under an abuse of discretion standard. Russell, 849 So.2d at 107(¶ 15).
¶ 10. In this case, after the trial and appeal, PN gave affidavits under oath as to two different versions of the facts. In one version, PN testified that she did not have sex with Paul Farrish. In the other version and at the hearing, she testified that she did have sex with Paul Farrish on the date alleged in the indictment, January 31, 2001. The trial court sits as the trier of fact at the hearing on motion for post-conviction relief and resolves any issues of credibility. Henderson v. State, 769 So.2d 210, 213(¶ 8) (Miss.Ct.App.2000). In this case, the circuit court was able to assess firsthand the credibility of the witness. As such, this Court has no authority to substitute its judgment for that of the trial court. Based on our review of the hearing, we cannot find that the court abused its discretion in denying the motion for post-conviction relief.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., NOT PARTICIPATING.
NOTES
[1] Farrish also claims that there was conflicting testimony given by PN as to what age she told Farrish she was at the time of the incident. However, a mistake of age is not a defense to statutory rape. See Daniels v. State, 742 So.2d 1140, 1144(¶ 12) (Miss.1999). Even if Farrish had been misled as to PN's age, there would not have been a different result at trial.