¶ 1. Paul Nelson pled guilty in the Circuit Court of Pike County to a charge of burglary. On August 29, 2003, he was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections, with seventeen years of incarceration and the remaining eight to be served on post-release supervision. Nelson filed a motion for post conviction relief on November 19, 2003, which was denied by the court. Aggrieved by the denial of this motion, he has appealed asserting as error the following:
I. There was no factual basis to support the plea of guilty.
 II. There was a denial of due process because he was denied an opportunity to use newly retained counsel.
 III. The period of post-release supervision exceeds the maximum twenty-five (25) years in a guilty plea to burglary without the authority of a jury.
 IV. The trial court prejudicially erred in that it held the Petitioner's ineffective assistance of counsel was effective.
 ¶ 2. Finding no error, we affirm.
 FACTS ¶ 3. On February 22, 2003, Paul Nelson was charged with the burglary of the home of Tamara Bowie and Delwin Robinson. Nelson does not dispute that he was in the home; however, he contends that he was "running for his life" and entered Bowie's home for safety. According to Nelson, there were no items taken from the home.
 ¶ 4. At his arraignment, Nelson entered a guilty plea. Nelson contends that he entered the plea of guilty under the erroneous direction of his then counsel, Raymond Boutwell. According to Nelson, Boutwell indicated that he would seek to have the charge reduced to trespassing. Nelson claims that Boutwell advised him to plead guilty to the trespass charge to obtain a sentence of four years or alternatively, possibly face a sentence of twenty-five years as an habitual offender. Subsequently, Nelson dismissed Boutwell as his attorney, and secured other legal counsel.
 ¶ 5. According to Nelson, on August 22, 2003, he was informed by Boutwell that the case could be continued and go to trial or he could plead guilty that day. Nelson entered into a plea agreement for a sentence of ten years, with the suspension of six years, leaving four years to serve. On August 29, 2003, the trial court rejected *Page 126 
the plea bargain, and sentenced Nelson to twenty-five years in the custody of the Mississippi Department of Correction, with seventeen years to serve eight years on post-release supervision, with the first five years to be supervised and the remaining three years to be served on an unsupervised, non-reporting basis.
 ISSUES AND ANALYSIS ¶ 6. "It is elementary that a party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved."Hansen v. State, 592 So.2d 114, 127 (Miss. 1991). Nelson's brief raises several concerns regarding his conviction. The record which Nelson has provided to this Court does not provide evidence which supports his claims. Instead, the only document in the record, which may be considered as evidence by this Court is the order denying post-conviction relief. That order is entitled to a presumption of correctness. Branch v. State, 347 So.2d 957
(Miss. 1977). Nelson provides nothing to overcome that presumption. In the absence of said evidence, this Court must affirm.
 ¶ 7. This Court "must decide each case by the facts shown in the record, not assertions in the brief. . . ." Burney v.State, 515 So.2d 1154, 1160 (Miss. 1987). The burden falls upon an appellant to ensure the record contains "sufficient evidence to support his assignments of error on appeal." Id. Nelson has failed to do so. This Court finds no error.
 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., concur.