915 So.2d 1130 (2005)
Omar MOODY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01940-COA.
Court of Appeals of Mississippi.
December 6, 2005.
*1131 Omar Moody, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. Omar Moody appeals the denial of his "Motion for Modification of Sentence" because (1) the trial court misconstrued his motion as a post conviction relief motion and (2) a constitutional violation occurred during sentencing.

STATEMENT OF FACTS
¶ 2. On February 12, 1999, Omar Moody plead guilty to forgery that resulted from writing a forged check to a pizza delivery person for forty dollars. The Circuit Court of Lowndes County entered a five year sentence with the Mississippi Department of Corrections but suspended all five years. In April 2000, the court revoked Moody's suspension and placed him in custody since Moody failed to report, failed to pay supervision fees, and failed to pay court ordered fees. Moody states that this happened because a close family member died leading to a depression that caused him to turn to drugs and alcohol.
¶ 3. Moody filed a motion to have the circuit court apply time spent in a Lowndes County jail and an Ocala, Florida jail towards his five year sentence. The circuit court denied this order because, "The Petitioner was sentenced during a previous term of court which has since ended and as such this Court has lost jurisdiction as to the sentencing of Petitioner."

ANALYSIS

I.
¶ 4. Moody first contends that he did not file a postconviction motion but alternatively a motion to modify his sentence. However he fails to give any reason that the court should over look the procedural bar that denied his motion. The State cites Presley v. State, 792 So.2d 950, 954(¶ 18) (Miss.2001) that states, "We have held that, in the absence of a statute authorizing a modification of a sentence, `once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment.'" (quoting Harrigill v. State, 403 So.2d 867, 868-69 (Miss.1981)). Unless Moody entered the motion before the end of the term he cannot have the circuit court modify it. Accordingly, the circuit court correctly dismissed this motion and procedurally barred Moody's appeal.

*1132 II.
¶ 5. Moody secondly contends that the trial court made a constitutional error in sentencing him since he suffers from a mental disorder, namely depression. Moody fails to note which constitutional provision this violates and also fails to cite any law on this point. Since he did not cite any case law the court does not have to review this point. Bell v. State, 769 So.2d 247, 256(¶ 28)(Miss.Ct.App.2000)(citing Cavett v. State, 717 So.2d 722, 724 (Miss.1998)).
¶ 6. Furthermore, depression acts merely as a mitigating factor and does not guarantee Moody a different outcome had the trial court discussed any mitigating factors with him. At his plea hearing Moody testified that he was not seeking treatment for any mental illness at that time. The Court clearly did not err in failing to apply this as a mitigating factor just as the appellant in Crowell did not receive ineffective assistance of counsel by not having an attorney to present his mitigating factors in Crowell v. State, 801 So.2d 747 (Miss.Ct.App.2000). Regardless, the change in the term of the court procedurally barred Moody from presenting this appeal affirming the circuit court's dismiss of this motion.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.