937 So.2d 1006 (2006)
Robin D. BARNES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01684-COA.
Court of Appeals of Mississippi.
September 19, 2006.
*1007 Robin D. Barnes (pro se), attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Robin Deshonda Barnes was indicted of burglary of a dwelling on March 9, 2005, and subsequently plead guilty to same. His court appointed attorney, Thomas Welch, failed to appear at his sentencing hearing and the judge replaced Welch with an unsuspecting alternative, William Goodman. In a sentencing order, filed on June 17, 2005, the Circuit Court of Pike County sentenced Barnes, in pertinent part, to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), further ordering that Barnes serve the first eight years of the sentence with the MDOC and the remaining seventeen years on post-release supervision. The sentencing order went on to order the first five years of the post-release supervision be served on a reporting basis under the supervision of the MDOC and remaining twelve years be served on a non-reporting basis. This sentence was to run consecutively with a sentence Barnes was already serving.
¶ 2. Barnes then filed his motion for change of plea on July 18, 2005, and stated therein that he had been sentenced to twenty-five years in prison and requested that his guilty plea be changed, arguing that his guilty plea was not voluntarily given and that he received ineffective of counsel. In an order denying Barnes's motion, the Circuit Court of Pike County explained that Barnes was not sentenced to twenty-five years in prison, but listed the specifics of his sentence, as detailed *1008 above. The order further stated that Barnes's other allegations were without merit as Barnes showed no proof to support his allegations. Barnes now appeals and asserts the lower court erred by: (1) not abiding by the recommended sentence contained in Barnes' plea agreement and (2) not holding an evidentiary hearing to determine what the proper sentence should have been, in accordance with his plea agreement.
¶ 3. As stated supra, Barnes filed a motion for change of plea, but this Court will treat his attempt to change his plea as a request for post-conviction collateral relief. Absent a statute to the contrary, a circuit court has no power to alter or vacate its judgment once the term in which the case was terminated has ended. Moody v. State, 915 So.2d 1130(¶ 4) (Miss. Ct.App.2005) (citing Presley v. State, 792 So.2d 950(¶ 18) (Miss.2001)). Barnes plea hearing was held June 2, 2005, and his sentencing hearing was held June 17, 2005. The term of the Circuit Court of Pike County, relevant to Barnes's motion, was the first Monday in June 2005, which turned out to be June 6, for a term of two weeks, or through June 17. Barnes filed his motion for change of plea on July 18, 2005, well past the term of court in which he pled guilty or was sentenced. Therefore, the trial court had no authority to grant Barnes's motion, and said motion must reviewed in accordance with Mississippi Code Annotated § 99-39-1, et seq., (Rev.2000). Additionally, as evidence of Barnes's intent that said motion be viewed as a request for post-conviction collateral relief, in his motion for change of plea he stated, "The petitioner is without competent [sic] legal representation but seeks post conviction relief. . . ."

STANDARD OF REVIEW
¶ 4. Our appropriate standard of review has been oft stated. "When reviewing a lower court's decision to deny a petition for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Miss. v. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ISSUES AND ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRED IN DENYING BARNES' MOTION FOR POST-CONVICTION RELIEF.
¶ 5. "It is elementary that a party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved." Hansen v. State, 592 So.2d 114, 127 (Miss.1991). An order denying post-conviction relief is presumed correct. Nelson v. State, 919 So.2d 124, 126(¶ 6) (Miss.Ct.App.2005) (citing Branch v. State, 347 So.2d 957 (Miss.1977)). Mississippi Code Annotated § 99-39-9 (Rev.2005) states, in pertinent part, that:
(1) A motion under this chapter shall name the state of Mississippi as respondent and shall contain all of the following:
. . . .
(d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.
(e). . . . Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. . . .
*1009 ¶ 6. Barnes failed to provide this Court with affidavits of those who would testify to the ascertations he made within his brief on appeal. Additionally, he failed to provide this Court with his own affidavit, as required by statute. This Court can only consider those facts that are found in the record, Colenburg v. State, 735 So.2d 1099(¶ 6) (Miss.Ct.App.1999), and cannot rely on mere allegations contained within a petitioner's brief. Henderson v. State, 783 So.2d 769(¶ 4) (Miss.Ct.App.2001). There is no indication within the record Barnes provided this Court that the an error was committed when the lower court dismissed his motion for change of plea.
¶ 7. Notwithstanding this deficiency, the record was amended with transcripts of Barnes's plea hearing and sentencing hearing and a review of those proceedings revealed that Barnes received the benefit of his alleged bargain. Though no plea agreement was provided by Barnes, or even listed as have ever being filed on the general docket, if we take Barnes at his word that a plea agreement was entered between himself and the prosecution in which the prosecution agreed that in exchange for his plea of guilty they would recommend a four year prison sentence, Barnes's appeal must still be dismissed. At Barnes's plea hearing, after Barnes assured the judge that he was entering his plea of guilty freely and voluntarily, in the absence of any promises or threats, and with full knowledge of those rights and privileges he was waiving, the prosecution did make a recommendation. The State recommended, "twenty-five years, twenty-one years suspended for five years post-release supervision. . . ." Additionally, the State agreed to remand Cause No. 05-183-PKS, another pending charge against Barnes, to the file in exchange for his plea. As is clear, the State recommended Barnes spend four years as a guest of the MDOC, but, in sentencing Barnes, the judge was not bound by the State's recommendation. Christie v. State, 915 So.2d 1073(¶ 7) (Miss. Ct.App.2005). At sentencing, the trial judge reviewed the report of Barnes's presentence investigation that revealed that he had several felony charges, two prior felony convictions, had his probation revoked twice, and several misdemeanors under his belt. The assistant district attorney representing the State admitted ignorance of Barnes's criminal convictions at the time of the recommendation and stated that the court "just made us aware" of the convictions. Given the judge's discretion in sentencing, and the realization by the trial court of Barnes's convictions, we find that this issue is without merit.

II. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING.
¶ 8. Pursuant to Mississippi Code Annotated § 99-39-19(1) (Rev.2000), a prisoner is entitled to an evidentiary hearing on his post-conviction motion if, after a review of the record, a judge determines it is required. Mere allegations are insufficient to require the court to hold an evidentiary hearing. Campbell v. State, 611 So.2d 209, 210 (Miss.1992). A review of the record, as discussed above, shows that no evidentiary hearing was required. As such, we affirm the lower court's judgment denying Barnes post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING BARNES'S MOTION FOR POST-CONVICTION RELIEF AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, *1010 BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.