959 So.2d 598 (2007)
Shawn Louis KNIGHT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00110-COA.
Court of Appeals of Mississippi.
June 26, 2007.
*601 Shawn Louis Knight, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.

MODIFIED OPINION
GRIFFIS, J., for the Court.
¶ 1. The motion for modification is denied as requested; however, the original opinion is being modified with this opinion substituted in lieu thereof.
¶ 2. Shawn Louis Knight pled guilty to gratification of lust in the Circuit Court of Rankin County. He was sentenced to serve a total of fifteen years in the custody of the Mississippi Department of Corrections, with five years suspended, followed by five years supervised probation. He was fined $1,000, which was suspended, and was ordered to pay court costs. Knight then filed a motion for post-conviction relief, which was denied on its merits. On appeal, he raises the following issues: (1) the indictment was insufficient to charge a crime, (2) the grand jury could not find penetration and corpus delicti, (3) his plea was involuntary and unknowing, and (4) his counsel was ineffective. After the appeal was filed, the trial court moved this Court to consider Knight's petition a successive writ. We find no error and affirm.

FACTS
¶ 3. Knight was indicted on two counts of sexual battery of a minor. The two counts were nearly identical in that they charged sexual battery against a minor, identified as M.W. However, Count I was for one act of sexual battery in September 2001, and Count II was for an act on October 27, 2001. In exchange for a guilty plea to gratification of lust for the incident described in Count II, the prosecution agreed not to prosecute Count I. Knight pled guilty on December 19, 2002.
¶ 4. On September 15, 2004, Knight filed his petition for post-conviction relief. The trial court denied the motion on its merits. Knight appealed to this Court.
¶ 5. This Court ordered the lower court to supplement the record with the plea hearing transcript. The lower court complied; however, it was accompanied by an ex parte "Supplemental Findings of the Trial Court" ("Supplemental Findings"). The Supplemental Findings stated that the trial court should have considered the petition a successive writ and asked this Court to "correct this error" and to sanction Knight. This Court supplied the parties with a copy of the supplemental findings and ordered supplemental briefing.

STANDARD OF REVIEW
¶ 6. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). Whether or not an indictment is defective is a question of law. Peterson v. State, 671 So.2d 647, 652 (Miss. 1996).

ANALYSIS
I. Is the successive writ bar properly before this Court?
¶ 7. First, we must consider whether the Supplemental Findings are properly before *602 this Court. Knight argues that the lower court has violated proper procedure and "waived" its holding by not considering it in the first place. He also argues the State waived this argument when it was not raised below. In the alternative, Knight argues that he has raised fundamental, constitutional rights which survive a successive writ bar. The State's argument is that it finds "no legal impediment to Judge Richardson's supplemental finding."
¶ 8. The Supplemental Findings read, in part:
The Trial Court after receiving the Court of Appeals Order for Supplementation, researched all of the Movant's court files and pleadings. The Trial Court has determined that the Movant filed a pro se Motion to Vacate and Set Aside Sentence June 9, 2003 . . . which the Trial Court elected to treat as a Motion for Post Conviction Relief based upon the relief requested, urging essentially the same grounds for relief as he has alleged in the Motion . . . which is the subject of the current appeal. At the time the Trial Court addressed and considered the current Motion . . . the Trial Court . . . did not realize and was unaware that the Movant had previously filed a Motion for Post Conviction Relief which had been denied. No appeal was taken from this order and the time for taking such appeal has expired. . . . The Trial Court urges the Court of Appeals to correct the Trial Court's error or oversight and dismiss the [appeal] as a second or successive motion. Further, the Trial Court urges the Court of Appeals to impose sufficient sanctions on the Movant. . . .
¶ 9. A prisoner may file a motion for post-conviction collateral relief with the circuit clerk and deliver a copy of the motion to the State. Miss.Code Ann. § 99-39-9(5) (Rev.2000). An answer is not required unless the trial court orders the State to file one. Id. The motion is to be "examined promptly by the judge to whom it is assigned." Miss.Code Ann. § 99-39-11(1) (Rev.2000). If the judge's examination reveals that the prisoner is not entitled to relief, the judge may dismiss the motion. Id. This is what occurred with Knight's motion. The judge examined the motion and determined that Knight was not entitled to relief. As a result, the trial judge dismissed the motion. Knight appealed the judgment.
¶ 10. Normally, it is the duty and responsibility of the State to present arguments that refute Knight's motion for post-conviction relief. The State did not raise this issue below, nor did it raise it here in its brief. Having failed to do so, we would typically decline to reach the State's argument that Knight's petition is a successive writ. Herrington v. State, 690 So.2d 1132, 1137 (Miss.1997). However, we recognize that the State did not have an opportunity to respond and raise this defense, because the trial judge summarily dismissed Knight's motion without requiring an answer by the State.
¶ 11. We next consider whether the trial judge had the authority to make a supplemental finding after we ordered the trial court to supplement the record with the plea hearing transcript. The general rule is that "where a case has been removed to an appellate court by appeal, the lower tribunal is divested of any jurisdiction to subsequently modify its order or entertain a petition for rehearing." See Banana v. State, 638 So.2d 1329, 1331 (Miss.1994) (holding trial judge could not sua sponte reconsider denial of post-conviction relief after appeal was filed). This rule has been ameliorated in part by the rules of appellate and civil procedure. Gardner v. State, 547 So.2d 806, 807 (Miss. *603 1989); Ward v. Foster, 517 So.2d 513, 516-17 (Miss.1987).
¶ 12. Rule 59(e) of the Mississippi Rules of Civil Procedure provides that a motion to alter or amend the judgment shall be filed no later than ten days after entry of judgment. We have held that if a judge seeks to do this sua sponte, he is also bound by the ten day period, as well as the requirements of notice and hearing set out in Rule 59(d). Ford v. Ford, 795 So.2d 600, 605(¶ 17) (Miss.Ct.App.2001). Failure to do so renders the amended judgment void. Id. The final judgment in this case was rendered December 22, 2004. The supplementation was not filed until November 16, 2005. Further, neither Knight nor the State had notice or a hearing before the judgment was altered. Therefore, Rule 59 does not provide the means by which we may consider the motion.
¶ 13. Rule 60(a) provides that clerical mistakes in judgments and the record may be taken up at any time "until the time the record is transmitted by the clerk of the trial court to the appellate court and the action remains pending therein. Thereafter, such mistakes may be so corrected only with leave of the appellate court." We do not deal here with clerical errors, so Rule 60(a) does not authorize the supplementation.
¶ 14. After the case is appealed, Rule 60(b) grants the lower court concurrent jurisdiction limited to granting relief from a judgment pursuant to a timely filed motion. Griffin v. Armana, 679 So.2d 1049, 1050 (Miss.1996). Rule 60(b) does not apply here, because the court's supplemental findings and holdings were not to grant relief from judgment.
¶ 15. Likewise, we are unable to find any authority in the Mississippi Rules of Appellate Procedure which allows a trial court to reopen a judgment and supplement its findings and holdings under these circumstances or allow us to consider same. Therefore, the general rule applies. The trial court was without jurisdiction to reopen and amend the judgment after it was appealed.
¶ 16. The final judgment, which Knight appeals, denied his petition on its merits. We now consider the merits of Knight's appeal.
II. Was Knight's guilty plea knowing and voluntary?
¶ 17. Knight claims that he never waived his rights in a face-to-face exchange with the trial court. He further claims the trial court never discussed the elements of sexual battery. The trial court held this issue was meritless, because Knight asserted under oath, in his petition to enter a plea and in open court, that he was pleading guilty freely and voluntarily.
A. Did Knight know which rights he was waiving?
¶ 18. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. URCCC 8.04.
It is not enough to ask an accused whether counsel has explained his constitutional rights. Nor is a standardized petition . . . sufficient standing alone. The court must go further and determine in a face-to-face exchange in open *604 court that the accused knows and understands the rights to which he is entitled.
Nelson v. State, 626 So.2d 121, 126 (Miss. 1993). However, "failure of a trial court to advise the defendant of any . . . constitutional rights which are waived by a guilty plea, will not render a guilty plea to be involuntary if such information has been supplied from another source, such as his attorney." Courtney v. State, 704 So.2d 1352, 1359(¶ 29) (Miss.Ct.App.1997). "A showing that the plea was voluntarily and intelligently made must appear in the record." URCCC 8.04.
¶ 19. For example, in Nelson, the trial judge did not inform Nelson of his right to compulsory process. Nelson, 626 So.2d at 126. Although it was discussed in the plea petition, the petition did not specify that process could also be used for out-of-state witnesses. Id. The case was remanded for an evidentiary hearing to determine if Nelson was misinformed about this right by his attorney. Id. at 127.
¶ 20. In Courtney, the judge did not inform Courtney of his rights to trial, to confront and cross-examine, and to refrain from self-incrimination. Courtney, 704 So.2d at 1359(¶ 28). The record indicated that Courtney was advised of these rights through other sources, including his attorney. Id. at 1359(¶ 32). However, the Court vacated the guilty plea, because neither the judge nor anyone else informed Courtney of the minimum mandatory sentence he was to serve. Id. at 1360(¶ 34).
¶ 21. In State v. Pittman, 671 So.2d 62, 64 (Miss.1996), the trial judge did not explain the required constitutional rights to the defendant. However, the plea petition contained all the required information, and the judge asked if defendant understood the rights he was waiving in the petition. Id. The court ruled:
Where, as here, it is clear from the record that the defendant was fully advised of [his constitutional rights set forth in Rule 8.04] via a signed petition, and the judge discussed with the defendant his understanding of the petition, this Court will not allow a guilty plea to be set aside for noncompliance with [Rule 8.04].
Id.
¶ 22. On December 19, 2002, prior to Knight's plea hearing, he and seven other defendants viewed a "Guilty Plea Video." In the video, the trial court explained the guilty plea process. Included in this explanation, was the following:
You are giving up the following rights when you plead guilty:
(1) The right to a speedy and public trial by jury.
(2) The right to see, hear, and face in open court the witnesses who are called to testify against you and the right to cross-examine those witnesses.
(3) The right to use the power and process of the Court to compel the production of evidence in your favor, including the attendance of witnesses.
(4) The right to testify in your own defense if you choose to do so. This decision must be made by you alone and not any other person, including your attorney. And upon your request, the Court will instruct the jury they are to consider your testimony as they would any other witness and give it whatever weight and credibility they think it deserves.
(5) The right to invoke the Fifth Amendment of the Constitution of the United States and remain silent without any adverse inference drawn from your not testifying. And upon your request, the Court will instruct the jury that, during their deliberations as to your guilt or innocence, they cannot hold the fact that you did not testify against you.

*605 (6) The right to challenge the composition of the grand jury that indicted you and the petit jury that will try you.
(7) The right to be presumed innocent and have the Court instruct the jury that the State must prove your guilt and all the elements of the crime with which you are charged beyond a reasonable doubt.
(8) The right to a unanimous jury verdict. That means all twelve jurors must vote guilty before you can be found guilty.
(9) If you went to trial and you were convicted by the jury, you would have the absolute right to appeal that conviction to the Supreme Court of the State of Mississippi, if the proper issues are preserved for appeal. If you are indigent and cannot afford or pay the cost of an appeal, the State will pay the cost of your appeal, and the Court will appoint an attorney to represent and assist you with the appeal, at no cost to you.
(10) The right to be represented and assisted by an attorney at all critical stages of the legal proceedings against you. You do not ever give up this right by pleading guilty; however, you may waive or give up this right and represent yourself, which is what is referred to as pro se representation. In that instance, the Court will appoint an attorney to advise and consult with you with regard to legal procedure, prior to, during, and subsequent to your trial, regarding your case, but will take no part in the proceedings unless requested to do so by you.
If you don't understand these rights, inform the judge in open court.
In the document entitled "Acknowledgment of Viewing the Guilty Plea Video," Knight was asked to initial each statement that he understood. He placed his initials by "2) my constitutional rights and that I will waive those rights when I plead guilty."
¶ 23. There is also a copy of the plea petition, signed by Knight, which enumerates the same constitutional rights. In particular, it reads:
I understand that I have the right to plead not guilty to any offense charged against me. If I choose to plead not guilty, the Constitution guarantees me:
a. the right to a speedy and public trial by jury;
b. the right to see, hear, and face in open court all witnesses called to testify against me, and the right to cross examine those witnesses;
c. the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor;
d. the right to have the assistance of a lawyer at all critical stages of the proceedings against me;
e. the presumption of innocence, i.e., the State must prove beyond a reasonable doubt that I am guilty, and the right to a unanimous jury verdict of all twelve jurors before I can be found guilty;
f. the right to take the witness stand and testify in my own behalf if I want to; if I do not wish to take the witness stand and testify, I further understand that this fact cannot be held against me, and that the jury may be instructed that my refusal to testify may not be held against me.
g. I understand that unless I knowingly, willingly, and voluntarily agree to do so, I cannot be compelled to give testimony against myself in violation of my Fifth Amendment rights.
h. I further understand that should I be convicted in a jury trial, I have the right to appeal my conviction to the *606 Mississippi Supreme Court, and with the assistance of counsel at no cost to me should I be financially unable to pay for an attorney to represent and assist me. Knowing and understanding the Constitutional and other legal rights and guarantees set forth in this paragraph, I hereby waive each and every one of them and renew my desire to enter a plea of guilty.
¶ 24. At the actual guilty plea hearing, the judge did not specify which rights Knight would be waiving. The extent of the discussion of his rights were as follows:
THE COURT: Did you read and sign or initial each page of your guilty plea petition?
THE DEFENDANT: Yes, sir, I did.
THE COURT: Did you read, sign and initial the acknowledgment that you viewed the guilty plea video?
THE DEFENDANT: Yes, sir, I did.
THE COURT: Did you understand the guilty plea video?
THE DEFENDANT: Yes, sir.
THE COURT: Do you have any questions you want to ask about that guilty plea video or your guilty plea petition?
THE DEFENDANT: No, sir.
THE COURT: Do you understand the nature and consequences of entering a plea of guilty to those charges?
THE DEFENDANT: Yes, sir.
. . . .
THE COURT: Do you understand your constitutional rights as they were specifically stated in your guilty plea petition and as they were explained in the guilty plea video?
THE DEFENDANT: Yes, sir.
THE COURT: Do you wish to waive or give up those constitutional rights and continue with this hearing on your Petition to Plead Guilty?
THE DEFENDANT: Yes, sir.
¶ 25. The judge's failure to explain each right during the plea hearing is not fatal to the voluntariness of the plea. The video and plea petition sufficiently explained the constitutional rights that Knight would waive if he pled guilty. The trial court determined in a face-to-face exchange that Knight understood the video and plea petition. Under the authority of Nelson, Pittman, and Courtney, we hold Knight made a knowing waiver of his constitutional rights.
B. Did the trial court explain the elements of the charge against Knight?
¶ 26. Another requirement for a voluntary plea is that the defendant know "what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of the plea." Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991).
¶ 27. Knight argues that he was never informed of the elements of sexual battery for which he was indicted. Indeed, the trial court informed Knight of the elements of gratification of lust, the lesser offense to which Knight was pleading guilty.
¶ 28. "[W]hen there is a lesser included offense . . . `personally addressing the defendant as to his understanding of the essential elements of the charge to which he pleads guilty seems essential.'" United States v. Adams, 566 F.2d 962, 968 (5th Cir.1978) (emphasis added) (quoting McCarthy v. United States, 394 U.S. 459, 467, n. 20, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). Since Knight was pleading guilty to gratification of lust, he was waiving his right against self-incrimination as to that *607 charge. For this waiver to be knowing, he had to know what it meant to say, "I have committed the crime of gratification of lust against a minor." The important inquiry was whether he understood the elements of that charge. At that point, his understanding of the additional elements required to prove sexual battery is a non-issue. Indeed, to this day, he has not withdrawn his plea of "not guilty" to sexual battery. This issue has no merit.
III. Was the indictment sufficient to charge a crime?
¶ 29. Knight argues that the indictment failed to list all of the elements of the crime charged. He claims the trial court dismissed Count I of his indictment as being inadequate, and reasons the court therefore should have dismissed Count II, because it was a multi-count indictment. The lower court ruled that Knight waived this issue by virtue of pleading guilty. The State adds that the indictment tracks the language of the statute charging sexual battery.
¶ 30. A guilty plea does not waive the failure of the indictment to charge a criminal offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Therefore, the lower court erred in ruling that this issue was waived. However, this error was harmless as Knight's argument has no merit.
¶ 31. Knight's argument rests on the proposition that the trial court dismissed Count I of his indictment as being defective. This is not the case. The prosecution agreed not to prosecute Count I in exchange for Knight's guilty plea to a lesser-included offense of that alleged in Count II.
¶ 32. Even if the trial court had dismissed Count I as being defective, Count II standing alone was sufficient to charge a crime. Count II in his indictment reads:
[O]n or about the 27th day of October, 2001, in [Rankin County] and within the jurisdiction of this Court did willfully, unlawfully, and intentionally did [sic] engage in sexual penetration as defined by Mississippi Code Annotated § 97-3-97 with [M.W.], a female child under the age of fourteen (14) years, against her will, all within the jurisdiction of this court and in violation of Section 97-3-95, Mississippi Code Ann. (1972) as amended, and against the peace and dignity of the State of Mississippi.
"A person is guilty of sexual battery if he or she engages in sexual penetration with: (a) Another person without his or her consent. . . ." Miss.Code Ann. § 97-3-95 (Rev. 2000). The indictment alleges that he engaged in sexual penetration with M.W. against her will. Therefore, we find the indictment was sufficient to charge the crime of sexual battery.
¶ 33. Bolstering our conclusion is the case of Hines v. State, 472 So.2d 386 (Miss. 1985). The indictment in Hines was nearly identical to that used here. Id. at 389-90. It read:
Hines on or about the 24th day of May . . . 1982, in the County (Coahoma) and State (Mississippi) aforesaid, and within the jurisdiction of this Court, did unlawfully, willfully, and feloniously engage in sexual penetration of . . . (R.W.), a female age-9, without the consent of the said . . . (R.W.) and contrary to the form of the statute [Miss.Code Ann. § 97-3-95]. . . .
Hines, 472 So.2d at 389-90. The Hines court held this was sufficient to charge the crime of sexual battery. Id. at 390. Thus, we find this issue is without merit.
*608 IV. Was the grand jury process violated, because it could not find evidence of penetration?
¶ 34. Knight argues there was no evidence of penetration, and therefore, the grand jury should not have indicted him for sexual battery. The trial court held this argument was waived by virtue of Knight's guilty plea. We agree.
¶ 35. The appropriate time to test sufficiency of the evidence to support an indictment is when the case is tried on its merits. Boddie v. State, 875 So.2d 180, 183(¶ 7) (Miss.2004). However, a guilty plea waives the right to trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt. Jefferson, 556 So.2d at 1019. Therefore, Knight waived the argument that the grand jury did not have sufficient evidence to indict him.
V. Was Knight denied effective assistance of counsel?
¶ 36. Finally, Knight attacks the validity of his guilty plea by questioning the effectiveness of his attorney. He claims his attorney did not adequately explain the charges and that his attorney failed to investigate the evidence against Knight. Had the attorney investigated, Knight reasons he would have discovered there was no evidence of penetration in this case. The trial court found that Knight did not support his allegations with evidence and that he did not show how he was prejudiced by his attorney's alleged inactions.
¶ 37. To prove ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To overcome this presumption, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different." Id. In cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Lindsay v. State, 720 So.2d 182, 184(¶ 6) (Miss.1998); Covington v. State, 909 So.2d 160, 162(¶ 9) (Miss.Ct. App.2005).
¶ 38. All Knight offers this Court are his unsworn allegations in his brief and the report from a doctor who examined M.W. We have no proof that his attorney did not explain the charges to him. To the contrary, he twice swore under oath that his attorney explained the charges to him and that he understood them. He also offers no evidence that his attorney did not investigate this piece of evidence, or explain how he has the doctor's report, if his attorney did not.
¶ 39. Knight's claim also fails the second prong of Strickland, because he does not show that there was a reasonable probability, but for these alleged deficiencies, he would have insisted on going to trial. Additionally, "in order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course." Thomas v. State, 881 So.2d 912, 918(¶ 18) (Miss.Ct. App.2004) (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)). Knight does not allege his attorney would have done anything differently if he had this report. *609 While it is true that the doctor reported no sign of anal penetration, the report shows the victim was alleging penetration by both sodomy and fellatio. If the victim so testified and was believed by the jury, this was enough evidence for at least one count of sexual battery. We do not see that this knowledge would have caused his attorney to go to trial and have Knight risk twenty years to life, rather than to advise Knight to plead to a lesser offense and receive ten years in jail. Knight has failed to carry his burden of proof under Strickland. This contention is without merit.
¶ 40. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. KING, C.J., AND CARLTON, J., NOT PARTICIPATING.