LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Robert Lee Kimble entered a plea of guilty to statutory rape on August 16, 2005, in the Circuit Court of Grenada County. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years of post-release supervision, with the first five of those ten years being supervised. On September 14, 2007, Kimble filed a motion to vacate his judgment and sentence. Treating it as a motion for post-conviction relief, the trial court denied Kimble’s motion. Kimble now appeals the denial of his motion to this Court.
 

 ¶ 2. Kimble asserts the following arguments on appeal: (1) his trial counsel rendered ineffective assistance; (2) his guilty plea was not given voluntarily and intelligently; (3) the trial court failed to ascertain the prerequisite factual basis before accepting his guilty plea; and (4) the trial court abused its discretion in denying his motion for post-conviction relief without an evidentiary hearing.
 

 ¶ 3. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. WAS KIMBLE’S TRIAL COUNSEL INEFFECTIVE?
 

 ¶ 5. Kimble argues that his trial counsel was ineffective because “he failed to do any preparation for trial and failed to do any type of investigation of the charge against the appellant.” Specifically, Kim-ble alleges that his counsel failed to investigate any of the State’s witnesses or the DNA evidence the State used to support its case. He alleges that if his counsel would have investigated the witnesses, then his counsel would have discovered that the incident was fabricated by his cousins. Also, Kimble alleges that he pleaded guilty because his counsel had done nothing to prepare for his defense, and his counsel told him he had to plead guilty.
 

 ¶ 6. “To prove ineffective assistance of counsel, a defendant must show (1) that his counsel’s performance was deficient and (2) that this deficiency prejudiced his defense.”
 
 Vardaman v. State,
 
 966 So.2d 885, 892(¶ 35) (Miss.Ct.App.2007) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The burden of proof is on the defendant to show “that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052. In cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is
 
 *691
 
 without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶7. Kimble stated at his plea hearing that he was satisfied with his attorney’s performance. Kimble also stated under oath that his attorney explained the plea petition to him. Further, Kimble offers no evidence other than his own allegations that his counsel’s performance was deficient. As for Kimble’s argument that his counsel failed to contact his cousins as potential witnesses, Kimble admitted that he committed statutory rape. Therefore, there was no need for his counsel to contact any witnesses to testify as to Kimble’s innocence. We cannot find that Kimble’s counsel’s performance was deficient; therefore, the first prong of
 
 Strickland
 
 is not met. We find that this issue is without merit.
 

 II. WAS KIMBLE’S GUILTY PLEA ENTERED VOLUNTARILY AND INTELLIGENTLY?
 

 ¶ 8. Kimble argues that his counsel’s failure to prepare for trial left him with no choice but to plead guilty; therefore, his plea was not voluntary. Kimble also asserts that he did not enter a guilty plea, but his attorney did it for him.
 

 ¶ 9. “A plea of guilty is binding only if it is entered voluntarily and intelligently.”
 
 Knight v. State,
 
 959 So.2d 598, 603(¶ 18) (Miss.Ct.App.2007). “A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements.” URCCC 8.04(A)(3). It is not sufficient for the court simply to ask an accused whether counsel has explained his constitutional rights.
 
 Knight,
 
 959 So.2d at 603(¶ 18). “The court must go further and determine in a face-to-face exchange in open court that the accused knows and understands the rights to which he is entitled.”
 
 Id.
 
 at 603-04(¶ 18) (quoting
 
 Nelson v. State,
 
 626 So.2d 121, 126 (Miss.1993)). “If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered ‘voluntary and intelligent.’”
 
 Harris v. State,
 
 806 So.2d 1127, 1130(¶ 9) (Miss.2002) (quoting
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992)).
 

 ¶ 10. When the court asked Kimble if he had sexual relations with the minor, he replied, “Not really.” His attorney then explained to the court that Kimble’s position was as follows:
 

 [H]e was drinking and intoxicated, and he does not remember having sex with this child, that he woke up, and this child was on top of him. And that because of the DNA, the semen being found in her vagina and the DNA match, that Mr. Kimble feels like that it is in his best interest and acknowledges that the State of Mississippi could prove beyond a reasonable doubt that he is guilty of this charge.
 

 The court followed the attorney’s explanation with questioning to Kimble regarding the DNA that was found on the victim. Kimble answered each question affirmatively, admitting that his DNA was found on the victim. The court then asked, “Now Mr. Kimble, I must ask you; are you pleading guilty to this charge because you are, in fact, guilty of it?” Kimble responded, “Yes, sir.”
 

 ¶ 11. We find that Kimble’s guilty plea was voluntary and intelligent. Kimble testified that he was informed of the charge against him and the consequences of his plea. Kimble does not assert that his plea was induced by fear, violence, deception, or any other improper inducements. We, also, cannot find that his attorney pleaded guilty for him. Kimble’s counsel simply explained to the court why Kimble felt he was not guilty. However, Kimble admitted that he was guilty of each element of
 
 *692
 
 statutory rape, and he understood that admitting to each element meant that he was guilty of statutory rape. We find that this issue is without merit.
 

 III. DID THE TRIAL COURT HAVE A FACTUAL BASIS FOR ACCEPTING KIMBLE’S GUILTY PLEA?
 

 ¶ 12. Kimble next argues that the trial court failed to ascertain a factual basis for accepting his plea of guilty.
 

 ¶ 13. Before the trial court may accept a plea of guilty, the court must determine that there is a “factual basis for the plea.” URCCC 8.04(A)(3). “A factual basis for a plea may be established by the admission of the defendant, but the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.”
 
 Hannah v. State,
 
 943 So.2d 20, 26-27(¶ 16) (Miss.2006). “A factual basis is not established by the mere fact that a defendant enters a plea of guilty.”
 
 Id.
 

 ¶ 14. During the plea hearing, the trial court inquired into the State’s factual basis for the charge. The prosecutor for the State responded by stating specifically why Kimble was guilty of each element of statutory rape. The prosecutor went further by stating:
 

 And I think probably just for the record, one of the most compelling piece[s] of evidence besides the child’s testimony that she had sexual intercourse with the Defendant, is the child’s ... aunt followed the Defendant to his mother’s house where she saw the Defendant and the child coming out of the house, and subsequently, the child was carried to the hospital. Samples were obtained, and there was a DNA match from the seminal fluid found inside the child and on the child.
 

 The court then asked Kimble the following questions, “Do you admit that that was your DNA? And this was found in her vagina?” Kimble responded, “Yes, sir.”
 

 ¶ 15. We find that more than ample evidence existed to establish a factual basis for Kimble’s plea. This issue is without merit.
 

 IV. DID THE TRIAL COURT ERR IN DENYING KIMBLE’S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVI-DENTIARY HEARING?
 

 ¶ 16. In his final argument, Kimble argues that the trial court erred in dismissing his motion for post-conviction relief without an evidentiary hearing.
 

 ¶ 17. An evidentiary hearing is not required when, based on the record of the guilty plea hearing, it is clear that the petitioner is entitled to no relief.
 
 Barnes v. State,
 
 937 So.2d 1006, 1009(¶ 8) (Miss.Ct.App.2006); Miss.Code Ann. § 99-39-19(1) (Rev.2007). It is clear from the record that no evidentiary hearing was needed to further explore any issues related to Kim-ble’s guilty plea. We find that this issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.